No. 16-4234

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

DELORES HENRY, ET AL., on behalf of a class
*Plaintiffs-Appellants*,

v.

MELODY HULETT, FORMER WARDEN OF LINCOLN CORRECTIONAL CENTER, ET AL.
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of Illinois,
No. 3:12-cv-03087
Hon. Richard Mills

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE*
## IN SUPPORT OF PLAINTIFFS-APPELLANTS

Daniel M. Greenfield
RODERICK & SOLANGE
  MACARTHUR JUSTICE CENTER
NORTHWESTERN PRITZKER
  SCHOOL OF LAW
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-8538
daniel-greenfield@law.northwestern.edu

Jennifer Wedekind
ACLU NATIONAL PRISON PROJECT
915 15th Street N.W.
Washington, DC 20005
(202) 548-6610

Anjana Samant
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
New York, NY 10004
(646) 885-8341

Nusrat Jahan Choudhury
Camille E. Bennett
Benjamin S. Wolf
ROGER BALDWIN FOUNDATION OF
  ACLU OF ILLINOIS
150 North Michigan Avenue
Suite 600
Chicago, IL 60601
(312) 201-9740

*Counsel for* Amici Curiae

Pursuant to Federal Rule of Appellate Procedure Rule 29(a)(3), amici, who are law professors, scholars of sexual violence, and nonprofit organizations that seek to enforce constitutional rights, move the Court for leave to file a brief as amici curiae in support of Plaintiffs-Appellants. A proposed brief accompanies this motion. Counsel for both parties consent to the filing of this brief.

1.      This case involves the privacy of incarcerated women and their right to be free from sexual violence, matters on which amici have unique experience and expertise. Their participation as amici curiae will provide substantial assistance to the Court in deciding whether to grant rehearing.

2.      The **American Civil Liberties Union** (ACLU) is a nationwide, non-profit, nonpartisan organization with more than 1.6 million members dedicated to the principles of liberty and equality embodied in the U.S. Constitution. The ACLU established the National Prison Project (NPP) in 1972 to protect and promote the civil and constitutional rights of prisoners. Courts across the country have repeatedly recognized the special expertise of the NPP in conditions of confinement cases.[1] Through its Women's Rights Project, co-founded in 1972 by Ruth Bader Ginsburg,

---

[1] *See, e.g., Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990); *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); *Duvall v. O'Malley*, No. CV ELH-94-2541, 2016 WL 3523682, at *9 (D. Md. June 28, 2016); *Dockery v. Fischer*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015); *Riker v. Gibbons*, No. 3:08-CV-00115-LRH, 2010 WL 4366012, at *4 (D. Nev. Oct. 28, 2010); *Diaz v. Romer*, 801 F. Supp. 405, 410 (D. Colo. 1992), *aff'd*, 9 F.3d 116 (10th Cir. 1993).

the ACLU has taken a leading role advocating for the rights of survivors of gender-based violence. The ACLU of Illinois is the state affiliate of the ACLU, with more than 75,000 members and supporters across Illinois. The Illinois ACLU has appeared before state and federal courts, including this Court, in a wide range of cases involving the rights of people in the criminal justice system. Currently these include *Lippert v. Jeffreys*, No. 10-cv-4603 (N.D. Ill.) (consent decree on behalf of class of Illinois state prisoners with physical healthcare needs); *Monroe v. Jeffreys*, No. 18-156-NJR-MAB (S.D. Ill.) (putative class action on behalf of transgender prisoners in Illinois state prisons).

3.    **Brett Dignam** is Vice Dean of Experiential Education and a Clinical Professor of Law at Columbia Law School. She has designed and overseen workshops conducted by students for prisoners at the Federal Correctional Institution in Danbury, Conn. on issues, including immigration, sexual assault, and exhaustion under the Prison Litigation Reform Act. She has participated in major litigation in more than 30 federal and state cases in the area of prisoners' rights. Dignam came to the Law School following her time at Yale Law School, where she led the Prison Legal Services, Complex Federal Litigation and Supreme Court Advocacy clinics. As an associate professor at Yale Law School, Dignam taught and supervised students in prison legal services; poverty and HIV issues; landlord and tenant issues; and immigration clinics. She guided students through administrative

2

hearings and state and federal trial and appellate courts on issues ranging from state habeas claims to violations of the Voting Rights Act.

4.     **Gina Fedock** is an Assistant Professor at the University of Chicago's School of Social Service Administration. She has experience researching and writing about human rights abuses, especially sexual and gender-based violence, for women involved in the criminal justice system, both within the United States and globally. She has several research articles related to the *Neal v. Michigan Department of Corrections* class action lawsuit involving over 800 women who experienced staff sexual misconduct while incarcerated. Her work also includes a focus on the implementation of the United Nations Rules for the Treatment of Women Prisoners and Non-Custodial Measures for Women Offenders and she is collaborating with international partners related to the implementation of these rules cross-nationally.

5.     **Claudia Flores** is Associate Clinical Professor of Law and Director of the International Human Rights Clinic. Before her appointment to the Law Faculty, Flores was a partner at Hughes Socol Piers Resnick & Dym, Ltd., a boutique law firm in Chicago. There, Flores specialized in civil rights and constitutional matters, with a focus on labor violations against low-wage and temporary workers and *qui tam* litigation. Prior to that, Flores served as legal advisor for the United Nations Development Program and UN Women in East Timor and Zimbabwe. Previously, she managed a USAID-funded program to combat human trafficking in Indonesia.

From 2003 to 2008, Flores was a staff attorney at the American Civil Liberties Union in the Women's Rights Project.

6.     **Jennifer M. Green** is an Associate Clinical Professor at the University of Minnesota where she directs and teaches the Law School's Human Rights Litigation and International Legal Advocacy Clinic. She has almost three decades of experience litigating and writing on questions of accountability and remedies for survivors of alleged human rights violations, including sexual and gender-based violence, in cases in the U.S. courts, international criminal tribunals, and the United Nations and Inter-American human rights systems.  Cases include *Doe v. Karadzic*, *Doe v. Constant*, *Swarna v. al-Adsani*, Amici Curiae briefs in *Prosecutor v. Tadic* and *Prosecutor v. Akayesu*; *Country Conditions Communications Respecting the Violations of Human Rights of Haitian Women (1994-2000) (Inter-American Commission on Human Rights), Filipina Comfort Women v. Japan (UN Petition).* She is an advisor to Amnesty International, and on the advisory committees of the University of Minnesota Human Rights Center and the Center for Justice and Accountability.  She is a former senior attorney of the Center for Constitutional Rights and has served as Legal Adviser, International Committee of Experts, International League for Human Rights (New York, NY); Coordination of Women's Advocacy Groups for Liaison with the International War Crimes Tribunals (Geneva, Switzerland) (1992-1996); Counsel and member, NGO Coalition for Women's

Human Rights in Conflict Situations (Kigali, Rwanda and Montreal, Canada) (1998-2000); American Bar Association Task Force on Future War Crimes Tribunals (1995).

7.     **Just Detention International** (JDI) is the only organization in the world dedicated exclusively to ending sexual abuse behind bars. JDI works to hold government officials accountable for prisoner rape, promote public attitudes that value the dignity and safety of people in detention, and ensure that survivors of this violence get the help they need. JDI trains staff on sexual abuse prevention and response, educates prisoners about their rights, and creates policies that increase safety for LGBT and other especially vulnerable prisoners.

8.     **Michele Leiby** is an Associate Professor in Political Science at the College of Wooster. She's done extensive research on conflict-related sexual violence in Latin America, including the creation of a systematic database of testimonial evidence of more than 40,000 human rights violations perpetrated during the civil wars in El Salvador and Peru. In addition to documenting the causes of conflict-related sexual violence, her work reveals the legacy of this violence on intimate-partner relationships, increasing women's risk of domestic violence for years after the resolution of conflict. Professor Leiby's research has been published in English and Spanish, appearing in *American Political Science Review*,

5

*International Studies Quarterly*, *Politics and Society*, *Revista Memoria*, as well as in multiple edited volumes.

9.    **Fionnuala Ní Aoláin** is concurrently Regents Professor and Robina Professor of Law, Public Policy and Society at the University of Minnesota Law School, Director of the University of Minnesota Law School Human Rights Center, and Professor of Law at the Queens University Belfast, Northern Ireland. Her book *On the Frontlines: Gender, War and the Post Conflict Process* was published by Oxford University Press (2011). She recently edited the *Oxford Handbook on Gender and Conflict* (2017).  She has published extensively on issues of gender and international law. Professor Ní Aoláin is currently the United Nations Special Rapporteur on the Protection and Promotion of Human Rights while Countering Terrorism (3-year appointment).  Previously, she was a representative of the prosecutor at the International Criminal Tribunal for the Former Yugoslavia at domestic war crimes trials in Bosnia (1996-97). In 2003, she was appointed by the Secretary-General of the United Nations as Special Expert on promoting gender equality in times of conflict and peace-making. In 2011, she was appointed as consultant jointly by the Office of the High Commissioner on Human Rights and UN WOMEN to prepare a Study on Reparations for Conflict Related Sexual Violence. Ní Aoláin has been nominated twice (2004 and 2007) by the Irish government to the European Court of Human Rights.

10.     The **Roderick and Solange MacArthur Justice Center** (RSMJC) is a public interest law firm founded in 1985 by the family of J. Roderick MacArthur to advocate for human rights and social justice through litigation. RSMJC has offices at Northwestern Pritzker School of Law, at the University of Mississippi School of Law, in New Orleans, in St. Louis, and in Washington, D.C. RSMJC attorneys have led civil rights battles in areas that include police misconduct, the rights of the indigent in the criminal justice system, compensation for the wrongfully convicted, and the treatment of incarcerated men and women. RSMJC litigates appeals related to the civil rights of incarcerated men and women throughout the federal circuits.

11.     **Kim Thuy Seelinger** is a Visiting Professor in Law and Associate Professor in social work, public health, and social policy at the Brown School, both at the Washington University in St. Louis. She will also serve as inaugural director of a new Center on human rights, gender, and migration at the Washington University in St. Louis Institute for Public Health. She has published extensively on the subject of sexual and gender-based violence in the context of armed conflict and forced displacement. For example, her chapter, "Sexual Violence as a Practice of War: Implications for the Investigation and Prosecution of Atrocity Crimes," co-authored with Elisabeth Wood, will be published in the *Oxford Handbook on Atrocity Crimes* by Oxford University Press in 2019. She has also authored numerous reports and articles on the topic. Seelinger provides technical assistance

7

to international and local actors working on war crime trials, legislative reform, and programming to improve support services to atrocity survivors. She recently intervened in the successful prosecution of Hissène Habré, the former president of Chad, and that of Thomas Kwoyelo in Uganda. Seelinger serves as on the U.N. High Commissioner for Refugees' Advisory Group on Gender, Forced Displacement, and Protection and the U.N. Area of Responsibility for Gender-based Violence Task Force on Research and Information Management. Previously, she directed the University of California, Berkeley, School of Law's Sexual Violence Program at the Human Rights Center. Before that, she worked on gender-asylum cases and policy at the University of California, Hastings, Center for Gender and Refugee Studies.

12.     **Uptown People's Law Center** (UPLC) is a full-service, community-based legal clinic founded in 1975 in Chicago, Illinois. The clinic focuses on issues affecting poor and working people in Chicago and the State of Illinois. Its attorneys have developed strong expertise in several areas including prisoners' rights issues. UPLC assists prisoners in matters ranging from denial of adequate medical care, excessive force matters, denial of religious rights, and cruel and unusual punishment. Its attorneys have extensive knowledge of the Illinois Department of Correction and its lawyers frequently advise other attorneys about litigating issues that arise in prisons.

13.     Since 1845, the **Women's Prison Association** (WPA) has been dedicated to providing services and support to criminal justice-involved women and their families. WPA has developed landmark programs, advocated for groundbreaking policies and promoted forward-thinking strategies targeted to the needs of women in the criminal justice system. WPA currently operates a broad array of programs to serve women and their families at all stages of criminal justice involvement that include: community-based programs to reduce risk of arrest or incarceration; alternative-to-incarceration services; resources and programming for women during incarceration; and re-entry services as women plan for and return to their communities. While committed to reducing reliance on incarceration, WPA supports prison policies and procedures that are humane, gender responsive and trauma informed.

14.     **Elisabeth Jean Wood**, Crosby Professor of the Human Environment and Professor of Political Science, International and Area Studies at Yale University, is currently writing a book on sexual violence during war. She is the author of *Forging Democracy from Below: Insurgent Transitions in South Africa and El Salvador* and *Insurgent Collective Action and Civil War in El Salvador.* Among her recent articles are "Rape as a Practice of War: Towards a Typology of Political Violence," "The Persistence of Sexual Assault within the US Military," and "The Social Processes of Civil War: The Wartime Transformation of Social

Networks." A fellow of the American Academy of Arts and Sciences, she teaches courses on comparative politics, political violence, collective action, agrarian studies, and qualitative research methods. She has served on editorial boards for the Contentious Politics series (Cambridge University Press) since 2004, *World Politics* since 2016, for *Politics and Society* (2003–2013) and *American Political Science Review* (2007-2013). She currently serves on the American Political Science Association's Committee on Human Subjects Research.

15.    The proposed amicus brief provides important information and argument that inform the proper resolution of the issue. In short, the *amici*'s brief easily meets Fed. R. App. P. 29(a)(3)'s requirements of (1) an adequate interest, (2) desirability, and (3) relevance. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (granting motion for leave to file amicus brief over the appellant's objections because "an amicus may provide important assistance to the court" and "[s]ome friends of the court are entities with particular expertise not possessed by any party to the case . . . [or that] explain the impact a potential holding might have on an industry or other group.") (quoting

Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. App. Prac. & Process 279, 281 (1999)).

16.     Based on amici's experience in cases involving the rights of individuals who are incarcerated, sexual violence, and the intersection thereof, the proposed amicus brief provides information and argument relevant to this matter.

17.     First, the brief provides background about the historical application of forced nudity and other forms of sexual violence against marginalized and vulnerable groups. Second, the brief explains that the sexual violence endured by the prisoners at issue is similar in impact, although not genesis, to the sexual violence inflicted during many of the darkest chapters of recorded history. Third, the brief explains why the Fourth Amendment does—and must—continue to shield the most intimate portions of our body from gratuitous and aberrant public strip and body cavity searches, even where corrections officers do not physically probe prisoners, but rather compel them to degrade and violate themselves.

18.     Amici were previously granted leave to file an amicus brief by this Court, in support of Plaintiffs-Appellants' petition for rehearing en banc. *Henry v. Hulett*, No. 16-4234 (7th Cir. Aug. 29, 2019) (order granting motion for leave to file brief amici curiae).

19.     In addition, several amici have previously been granted leave to file amicus briefs in cases involving sexual violence and rights of the incarcerated.

a.      American Civil Liberties Union: See, e.g., *J.K.J. v. Polk County, Wisc.*, No. 18-1498 (7th Cir. filed July 26, 2019) (case involving sexual abuse of women prisoners); *E.D. v. Sharkey, et al.*, 928 F.3d 299 (3d Cir. 2019) (case involving sexual abuse of immigrant detainee); *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018) (case involving pretrial detention conditions); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (case involving pretrial detention conditions).

b.      Just Detention International: *See, e.g.*, *J.K.J. v. Polk County, Wisc.*, No. 18-1498 (7th Cir. filed July 26, 2019) (case involving sexual abuse of women prisoners); *E.D. v. Sharkey, et al.*, 928 F.3d 299 (3d Cir. 2019) (case involving sexual abuse of immigrant detainee); *Lucas v. Chalk*, 785 F. App'x 288 (6th Cir. 2019) (case involving discrimination following sexual abuse of state prisoner).

c.      Roderick and Solange MacArthur Justice Center: *See, e.g.*, *Rafferty v. Trumbull Cty.*, 915 F.3d 1087 (6th Cir. 2019) (case involving sexual abuse in a county jail); *J.K.J. v. Polk County, Wisc.*, No. 18-1498 (7th Cir. filed July 26, 2019) (case involving sexual abuse of women prisoners); *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018) (case involving pretrial detention conditions); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (case involving pretrial detention conditions); *Martin*

*v. Warren Cty.*, No. 19-5132 (6th Cir. filed Apr. 11, 2019) (case involving pretrial detention conditions).

        d.      Uptown People's Law Center: *See, e.g.*, *Murphy v. Smith*, 138 S. Ct. 784 (2018) (case involving damages for abuse by prison guards); *Nelson v. Correctional Medical Services*, 583 F.3d 522 (8th Cir. 2009) (case involving shackling of pregnant women during childbirth).

20.      WHEREFORE, amici curiae respectfully request that this Court grant this motion for leave to file the attached brief in support of Plaintiffs-Appellants.


Dated: February 11, 2020           Respectfully Submitted,

                                  *s/ Daniel M. Greenfield*
                                    Daniel M. Greenfield
                                    RODERICK & SOLANGE
                                      MACARTHUR JUSTICE CENTER
                                    NORTHWESTERN PRITZKER SCHOOL OF LAW
                                    375 East Chicago Avenue
                                    Chicago, IL 60611
                                    (312) 503-8538
                                    daniel-greenfield@law.northwestern.edu


## VERIFICATION

Daniel M. Greenfield, attorney for *Amici Curiae*, verifies that the statements in this motion are true and correct to the best of his information and belief.

                                  *s/ Daniel M. Greenfield*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020, I electronically filed the foregoing Motion with the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: February 11, 2020

*s/ Daniel M. Greenfield*

Daniel M. Greenfield
